**United States District Court**
For the Northern District of California

**\*E-Filed 12/22/10\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

   v.

CHRISTOPHER BRYAN ABLETT,

           Defendant.

_____/

No. CR 09-00749 RS

**ORDER DENYING DEFENDANT'S MOTIONS (1) TO DISMISS THE INDICTMENT, (2) TO COMPEL COMPLIANCE WITH ORDER FOR BILL OF PARTICULARS AND (3) TO STRIKE BILL OF PARTICULARS**

I. INTRODUCTION

Defendant Christopher Bryan Ablett, charged with murder in aid of racketeering, use and possession of a firearm in a murder and use and possession of a firearm in relation to a crime of violence, again moves to dismiss the indictment, this time for failure to comply with the Court's previous order for a bill of particulars. In the alternative, Ablett moves to require further particularization by the Government and to have paragraphs 1, 3(d) and 5(a)-(k) of the Government's Bill of Particulars stricken as improper indictment amendments. For the reasons stated below, the motion is denied.

United States District Court
For the Northern District of California

1

2                                    II. BACKGROUND

3          On July 23, 2009, a federal grand jury returned an indictment charging Ablett with three

4  crimes arising from the alleged September 2, 2008 killing of Mark Guardado, the purported

5  President of the San Francisco Chapter of the Hell's Angels.  Count One alleges that Ablett

6  murdered Guardado for the purpose of gaining entrance to, maintaining, or increasing his position in

7  the Mongols, an enterprise which allegedly engages in racketeering activity, in violation of 18

8  U.S.C. § 1959, the Violent Crimes in Aid of Racketeering Activity ("VICAR") statute.  Count Two

9  alleges that he used and possessed a firearm in furtherance of committing the murder in Count One,

10 in violation of 18 U.S.C. § 924(j)(1).  Count Three alleges that he used a firearm in furtherance of

11 the crime of violence in Count One, in violation of 18 U.S.C. § 924(c)(1)(A).

12         On April 23, 2010, Ablett filed three motions to dismiss the indictment, a motion to stay and

13 a motion for a bill of particulars.  On August 3, 2010, The Court denied the motions to dismiss and

14 to stay, and granted in part and denied in part the motion for a bill of particulars.  In the August 3

15 Order, the Court required the Government to, (1) "clarify in paragraphs 1 and 4 of the Indictment

16 the time period encompassed within the phrase '[a]t all times relevant to this Indictment,'" and (2)

17 "clarify the precise offense or other acts included within the phrase 'among other things' in

18 paragraph 1 of the Indictment, within the phrase 'include, but are not limited to' in paragraphs 5 and

19 6 of the Indictment, in the word 'includes' in paragraph 6(a) of the Indictment, and in the word

20 'including' in paragraphs 6(a) and 7 of the Indictment."  Doc. 54 at 5-6.  The Government filed a

21 Bill of Particulars on September 2, 2010, and on October 14, 2010 Ablett filed this motion to

22 dismiss.  The parties appeared for oral argument on the motion on November 2, 2010.

23                                    III. STANDARD

24         The decision to grant or deny a bill of particulars rests within the trial court's discretion, and

25 is appropriate where an indictment is ambiguous such that a defendant needs clarification in order to

26 prepare a defense.  *U.S. v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted).  "[A bill of

27 particulars] is designed to apprise the defendant of the specific charges being presented to minimize

28 the danger of surprise at trial, to aid in preparation and to protect against double jeopardy."  *Id*.  In

No. CR 09-00749
ORDER ON DEFENDANT'S MOTIONS

2

1   other words, the purpose of a bill of particulars is to clarify ambiguities in an indictment, not to

2   serve as a replacement for discovery requests. *Id.*; *see also*, *United States v. Ryland,* 806 F.2d 941,

3   942 (9th Cir.1986) ("[a] defendant is not entitled to know all the evidence the government intends to

4   produce but only the theory of the government's case"); *U.S. v. Giese*, 597 F.2d 1170, 1180-1181

5   (9th Cir. 1979) ("full discovery obviates the need for a bill of particulars").

6          After an indictment has been returned, the charges may not be expanded through

7   amendment, except by a superseding indictment returned by the grand jury. *Russell v. United*

8   *States*, 369 U.S. 749, 769-771 (1962). "An amendment of the indictment occurs when the charging

9   terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the

10  grand jury has last passed upon them." *U.S. v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)

11  (citations omitted).

12                                    IV. DISCUSSION

13         In his motion to dismiss, Ablett argues that the Bill of Particulars fails to clarify the precise

14  offense or other acts included within the phrase '"among other things" in paragraph 1 of the

15  Indictment, within the phrase "include, but are not limited to" in paragraphs 5 and 6 of the

16  Indictment, in the word "includes" in paragraph 6(a) of the Indictment, and in the word "including"

17  in paragraphs 6(a) and 7 of the Indictment, as required by the Court's August 3 Order. He further

18  maintains that the Bill of Particulars constructively and impermissibly amends the Indictment by

19  expanding its time period, the jurisdictional connection to interstate commerce beyond what it

20  contemplates and the particular racketeering activities beyond those already alleged in paragraph 7.

21         Ablett relies heavily on *United States v. Diaz*, to which the Court referred in the prior Order,

22  for the proposition that the Government failed to comply with that Order when it simply listed the

23  type of offenses contemplated by the Indictment. However, while the Court in *Diaz* rejected the

24  Government's attempts to use open-ended qualifiers in a Notice of Intent to Seek the Death Penalty,

25  neither the holding there nor this Court's August 3 Order requires the Government to provide the

26  level of detail Ablett requests. *See Diaz*, No. CR 05-00167 WHA 2007 WL 4169973 at *12; *see*

27  *also* Doc. No. 54 at 5-6. Indeed, the August 3 Order simply required the Government to clarify

28  certain highlighted words and to place boundaries around certain identified open-ended terms, such

United States District Court
For the Northern District of California

1   as "among other others," that were sufficiently vague to pose a danger of surprise at trial.[1]

2   Additional specifics as to the acts that form the basis of the VICAR charge can be addressed through

3   discovery.  Ablett's request to dismiss the Indictment or, in the alternative, for a further Bill of

4   Particulars must therefore be denied.

5          As to the purported amendments to the Indictment, Ablett first argues that the Bill of

6   Particulars identifies time frames "up through and including the present," which he maintains go

7   beyond the period the Grand Jury could have considered (the date of the Indictment).  Regardless of

8   the ongoing time frame, however, the Government will still have to prove at trial that the alleged

9   VICAR enterprise was in existence on September 2, 2008, the date Ablett allegedly shot and killed

10  Guardado.  Adding the language "up through and including the present" to describe a VICAR

11  enterprise that the Government contends is still in existence is not an amendment, then, because "the

12  charging terms of the indictment" are not altered.  *Von Stoll*, 726 F.2d at 586.  In other words, even

13  with the additional language, the Bill of Particulars is not an improper amendment because it does

14  not "substantial[] alter[]" the charging document or what will have to be proven at trial.  *Id.*

15         Ablett next argues that the Bill of Particulars improperly expands the Grand Jury's

16  determination of the effect of the alleged VICAR enterprise's conduct on interstate commence by

17  adding the italicized language: "Members and associates of the Mongols criminal enterprise traveled

18  in interstate and foreign commerce to conduct the affairs of the enterprise *and the affairs of the*

19  *enterprise itself affect interstate and foreign commerce*."  Doc. 57 at 3:18-3:20.  As Ablett points

20  out, paragraph 6(d) of the Indictment included only the non-italicized language.  A closer reading of

21  the Indictment, however, reveals that the Grand Jury contemplated that the affairs of the enterprise

22  itself would affect interstate commerce because paragraph 3 reads: "The Mongols gang, including

23  its leadership, its membership, and its associates constituted an 'enterprise,'…that is, a group of

24  individuals associated in fact, that engaged in, and the activities of which, affected interstate and

25  foreign commerce."  Doc. 1 at 3.  In other words, this added language in the Bill of Particulars

---

26  [1] Moreover, although *Diaz* also involved the Government's use of open-ended qualifiers, it presents
27  a situation markedly distinguishable from the case here.  Not only was the relevant pleading there a
    Notice of Intent to Seek the Death Penalty (rather than a bill of particulars, which has a very limited
28  purpose), but the defendants were charged with three murders as RICO predicate acts and not solely
    as VICAR offenses.  *Diaz*, No. CR 05-00167 WHA 2007 WL 4169973 at *1 (N.D. Cal. Nov. 20,
    2007).

makes no substantive change to the Indictment's charging terms and therefore does not represent an improper amendment.

Lastly, Ablett argues that the Bill of Particulars amends the Indictment by adding a laundry list of statutory offenses that go beyond those listed in paragraph 7 of the Indictment. Ablett argues that paragraph 7 was not open-ended, that the Government was required to identify the actual murders and narcotics trafficking offenses and that the list of additional statutory violations improperly expands the potential racketeering activity alleged. This is not so. The Court's August 3 Order required the Government to clarify the term "including" in paragraph 7 of the Indictment, which the Government does in paragraphs 5(a)-(k) of the Bill of Particulars. As previously stated, the Government is not required to provide in the Indictment or in the Bill of Particulars the degree of specificity as to the illegal conduct forming the predicate VICAR acts that Ablett requests; the relevant specifics as to those acts will be addressed, if deemed appropriate, in the context of the discovery process. Moreover, while this list of predicate offenses indisputably expands the list that was provided in the Indictment, there is no indication that these acts were not considered by the Grand Jury. In other words, paragraphs 5(a)-(k) of the Bill of Particulars do not constitute an amendment because they do not alter the Indictment's charging terms. Therefore, because paragraphs 1, 3(d) and 5(a)-(k) do not impermissibly amend the Indictment, Ablett's request to strike those paragraphs must be denied.

IV. CONCLUSION

For the reasons stated above, Ablett's motion to dismiss is denied. His alternative requests for particularization as well as to strike paragraphs 1, 3(d) and 5(a)-(k) of the Bill of Particulars are also denied.

1    IT IS SO ORDERED.

2

3    Dated: 12/22/10

4    _____
     RICHARD SEEBORG
5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

No. CR 09-00749
Order On Defendant's Motions