RICHARD B. MAZER, SBN 49632
Law Offices of Richard B. Mazer
99 Divisadero Street
San Francisco, California 94117
Telephone: (415) 621-4100
Facsimile: (415) 621-4111

MICHAEL N. BURT, SBN 83377
1000 Brannan Street, Suite 400
San Francisco, California 94103-4888
(415) 522-1508

Attorneys for Defendant
CHRISTOPHER ABLETT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR  09-00749  RS |
| Plaintiff, | |
| vs. | DEFENDANT'S OBJECTIONS TO COCONSPIRATOR STATEMENTS |
| CHRISTOPHER ABLETT, | |
| Defendant. | |
| _____ / | Trial Date: January 17, 2012 Time: 9:30 a.m. Court: Courtroom 3, 17th Floor |

Defendant Christopher Ablett, through undersigned counsel, hereby submits his objections to the government's proffer of 104 hearsay statements that it seeks to admit under Fed.R.Evid. 801(d)(2)(E), the rule that admits statements of coconspirator made during and in furtherance of a conspiracy as non-hearsay.  The list of proffered co-conspirator statements is attached to this motion as Appendix A.[1]

_____

[1] The appendix is an exact copy of the list provided by the government on November 30, 2011, except that defense counsel has assigned numbers to the statements in the list to facilitate

A coconspirator's statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made "in furtherance of" the conspiracy. *United States v. Bowman*, 215 F.3d 951, at 960-61 (9th Cir. 2000) (citing *Bourjaily v. United States*, 483 U.S. 171, 175) The court has also held that "[m]ere conversations between coconspirators, or merely narrative declarations among them, are not made 'in furtherance' of a conspiracy. Rather, to be 'in furtherance' the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy." *United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir.1988) (citations omitted).

Most of the Ninth Circuit cases interpreting whether certain statements are mere conversations or narrative declarations of past events or whether they were made in furtherance of a conspiracy have been restricted to drug cases where a coconspirator might mention in passing conversation the identity of their source of drug supply. *See, e.g., United States v. Larson*, 460 F.3d 1200, 1211-12 (2006); *United States v. Paris*, 827 F.2d 395, 400 (9th Cir.1987).

In this case, however, the government is seeking to admit statements made by members of the Mongols Motorcycle Club over a period of years, many of which are narratives of past uncorroborated crimes supposedly committed by or against Mongols involving members of other motorcycle clubs, or expressions of wanting to commit violence against other persons or property. Many of these statements are made at chapter meetings, while others are made during social meetings.

Defendant objects in general to the admission of any co-conspirator statements,  since defendant has repeatedly contended that he was not a member of any "Mongols gang" criminal conspiracy as alleged in the indictment, but was merely a member of the Modesto chapter of the Mongols Motorcycle Club at the time of the incident in September 2008, and being a member of the Mongols was and is not a crime.

---

discussion of defendant's objections.

Pursuant to the Court's order at the last hearing on January 4, 2012, defendant submits a detailed list of specific objections to the form of notice of coconspirator statements provided by the government on November 30, 2012.

STATEMENT NO.                                   BASIS FOR OBJECTION

P. 2, #1                          Date, 2006-08, is not specific adequate notice; no recording
                                  is linked to these statements; statement as to "history of the
                                  Mongols"is not sufficiently specific to give adequate notice
                                  as to what constitutes the "statement".  Is the government
                                  restricted to the examples given in the notice, or by using
                                  the word "including" in their notice, do they intend to
                                  introduce other statements?  This "statement" appears to be
                                  merely an inadmissible narration of past events or idle
                                  conversation about the lore and history of the Mongols
                                  Motorcycle Club, not the "Mongols Gang" charged in the
                                  indictment.  It is not in furtherance of any conspiracy and
                                  the government's claim of being "necessary for new
                                  members to know" as being in furtherance of a conspiracy is
                                  both vague and so broad as to encompass and admit any
                                  statement about anything that a member might "need to
                                  know", justifying it as some kind of "history."  Finally, this
                                  kind of statement is more prejudicial than probative, as
                                  members' accounts of past club history may often be
                                  boastful untrue bravado, often colored with vulgar
                                  language.  The statements are not reliable statements of club
                                  history.  This is an attempt to use selected statements over a
                                  period of time in order to tell the jury the government's

1    edited version of the history of the Mongols.

2

3    P. 2, #2    Date, 2006-08, is not specific adequate notice; statement as

4    to "unwritten rules" of the Mongols is not sufficiently

5    specific to give adequate notice as to what constitutes the

6    "unwritten rules". Is the government restricted to the

7    examples given in the notice, or by using the word

8    "including" in their notice, do they intend to introduce

9    other unwritten rules, for which the defense has no notice?

10

11   P. 2, #3    Date, 2006-08, is not specific adequate notice; the

12   statements as to "longstanding rivalry with the Hells

13   Angels" and "mutual hatred" is not sufficiently specific, and

14   appears to be an inadmissible narration of past events or idle

15   conversation not in furtherance of any conspiracy. Finally,

16   these kind of statements are more prejudicial than probative,

17   as members' accounts of the rivalry in the past may often be

18   boastful untrue bravado, often colored with vulgar

19   language. The statements are not reliable statements of any

20   alleged rivalry with the Hells Angels.

21

22   P.2, #4    Date, 2006-08, is not specific; the declarant "various

23   members of the Mongols" is not specific; and it is more

24   prejudicial than probative, as defendant has never been

25   awarded those "patches."

26

27   P.2, #5    Statement appears to be an inadmissible narration of past

28   events or idle conversation not in furtherance of any

Defendant's Objections to Coconspirator Statements    4

1    conspiracy.  There is no independent confirmation that this

2    event ever occurred, and is more prejudicial than probative.

3

4    P.2, #6    Date is obviously wrong, and thus cannot be linked to any

5    report of investigation. Moreover, statement appears to be

6    an inadmissible boasting, narration of past events or idle

7    conversation  not in furtherance of any conspiracy, and

8    more prejudicial than probative, as there is no independent

9    confirmation that this event ever occurred.

10   .

11   P.2, #7    Date is not specific, location is not specific.  The statement

12   statement is not in furtherance of any transaction or criminal

13   conspiracy, as it is not a solicitation to commit a crime.

14   Defendant objects for reasons stated earlier in motion to

15   exclude evidence of a legal defense fund.  If this evidence is

16   admitted, then defendant requests that the court caution the

17   jury, at the time of the admission of the statement, that no

18   such funds were ever solicited for Christopher Ablett.

19   .

20   P.3,#8    Date, 2006-08, is not specific; statement is not in

21   furtherance of a conspiracy, but is instead a way of warning

22   members that other persons might retaliate against them if

23   the member is seen wearing certain clothing.  Contrary to

24   government's claim as to how the statement furthers the

25   conspiracy, there is nothing in the "Code 55" summary to

26   show that a Code 55 is in any used to "pursue attacks on

27   rivals"; finally, it is more prejudicial than probative, as it

28   uses language such as "code" to imply a covert and sinister

1      to something that is nothing more than a warning to

2      members to avoid violent confrontations.

3

4

5   P.3, #9          Date, 2006-08, is not specific; declarant "Durango" is not a

6                    clearly identified person; statement as to offering to sell

7                    unspecified quantities of drugs at unspecified dates is not

8                    sufficiently specific notice; the drug dealing is not alleged to

9                    be connected to the Mongols Club, is not in furtherance of

10                   any conspiracy, and appears to be more prejudicial than

11                   probative.

12

13

14  P.3, #10         Date, 2006-08 is not specific; the location of the statement,

15                   such as a club meeting or a coffee shop, is not specific; the

16                   statement appears to be idle conversation not in furtherance

17                   of any conspiracy, and a warning to avoid violence rather

18                   than a plan to commit a crime,  and is more prejudicial than

19                   probative.

20

21  P. 3, #11        Date, 2006-08, is not specific; the statement is not specific,

22                   and appears to be idle conversation about the Hells Angels

23                   not in furtherance not in furtherance of any conspiracy.

24                   There is no plan to commit violence upon Hells Angels, just

25                   a statement of fact that the Bay Area was known to be

26                   location frequented by members of the Hells Angels.

27

28  P.3, #12          `      Appears to be a narration of past events not in furtherance

Defendant's Objections to Coconspirator Statements      6

1    of any conspiracy, and is more prejudicial than probative.

2

3    P.3,#13              Date, January 2006, is not specific; statement appears to be

4                        idle and boastful conversation not in furtherance of any

5                        conspiracy, and is more prejudicial than probative.

6

7    P.3, #14             Appears to be conversation not in furtherance of any

8                        conspiracy, and is more prejudicial than probative by

9                        mentioning the subject of wiretaps.

10

11   P.3, #15             Appears to be idle and boastful conversation not in

12                       furtherance of any conspiracy, and more prejudicial than

13                       probative by implying violence against officers when no

14                       such acts of violence ever occurred.

15

16   P.3, #16             Statement about "a confrontation" with Hells Angels, at an

17                       unspecified and unverifiable date or location, is extremely

18                       vague, and appears to be a boastful narrative of past events

19                       or idle conversation not in furtherance of a conspiracy.  It

20                       also becomes a way for the government to introduce other

21                       acts of racketeering activity not given in their notice of

22                       racketeering activity, and is more prejudicial than probative.

23

24   P.3, #17             Statement is not specific, and appears to be idle

25                       conversation not in furtherance of any conspiracy; statement

26                       does not allege that any of the firearms or any

27                       "arrangements" were unlawful or connected to the

28                       Mongols; the summary does not allege that this talk of

1  firearms ever actually produced any firearms, and is

2  therefore more prejudicial than probative.

3

4  P.4, #18  Statement summary is not specific as to any particular rules,

5  and appears to be a statement as to the historical fact that a

6  chapter meeting took place on a certain date and is not in

7  furtherance of any conspiracy, and is more prejudicial than

8  probative.

9

10  P.4, #19  Statement is not specific, and appears to be a narrative of

11  past events and idle conversation not in furtherance, and

12  more prejudicial than probative.  It should be noted that this

13  is the exact statement referenced by the Court at page 6 of

14  its order of October 21, 2011 as an example of an

15  inadequate summary of a coconspirator statement.

16

17

18  P.4, #20  Statement appears to be a narrative of past events and idle

19  conversation not in furtherance of a conspiracy; it does not

20  "promote criminal activity" as alleged but address past

21  events; it discusses the legal defense fund previously

22  objected to, and is more prejudicial than probative.

23

24  P.4, #21  Statement by two other Mongols as to their own

25  interpretion of their duties as members is idle conversation

26  not in furtherance of a conspiracy, and their personal views

27  are more prejudicial than probative.

28

P.4, #22            Statement is boastful and idle conversation not in furtherance of a conspiracy. There is no evidence that Viramontes ever had access to the weapons or that anyone ever attempted to "blow up" a courthouse, and is therefore more prejudicial than probative.

P.4, #24            The date is not specific; observations of guns and narcotics are not statements; the statements appear to be boastful and idle conversation not in furtherance of a conspiracy. There is no evidence that any "retaliation" or fire ever occurred, as proposed by Soto, or that Shawley ever acquired automatic firearms or silencers. The talk about the shooting of a Hells Angel in the neck is a narrative of a past event.

P.4, #25            The date is not specific; The talk about the incident at Laughlin and ATF attempts to infiltrate the Hells Angels in Arizona is a narrative of a past event, and is more prejudicial than probative

P.4, #26            The statement is only one member's view that rival gang members should be shot on sight, and is not a statement of club policy, and is therefore not in furtherance of a conspiracy and is more prejudicial than probative.

P.4, #27            The statement is only one member's view as to the duties of a Mongol, and is not a statement of club policy, and is therefore more prejudicial than probative.

| | |
|---|---|
| P.4, #28 | The statement is only a few members' view on why they think club members should be armed, and is not a statement of club policy, and is therefore not in furtherance of a conspiracy and is more prejudicial than probative. |
| P.5, #29 | The statement about a past "truce" with the Mexican Mafia is a narrative of past events and is not made in furtherance of the conspiracy. |
| P.5, #30 | The statement about having to pay money gained from his narcotics sales to help pay other members' legal costs is a narrative of past events and is not made in furtherance of the conspiracy. |
| P.5, #31 | The statement is only one member's view as to how he would treat individuals who "disrespected" the Mongols, and is not a statement of club policy, and is therefore more prejudicial than probative. |
| P.5, #32 | Date, November 2006, is not sufficiently specific; The statement is only one member's statement as to why he decided to confront someone wearing a Hells Angel support shirt, is a narrative of a past event and is not a statement of club policy, and is therefore more prejudicial than probative. |
| P.5, #33 | This is a statement by Garcia about another statement made in the past by Cavazos, and is therefore a narrative of a past |

event.

P.5, #34          This statement is a narrative of a past event in which the declarant assaulted a Hells Angel with a stick, and is not made in furtherance of a conspiracy.

P.5, #37          Date, December 2006, is not specific; this is a statement of personal belief and motivation for joining the Mongols, and is a statement of idle conversation not made in furtherance of a conspiracy.

P.6, #40          Date, February 2007, is not sufficiently specific; this is a narrative statement of past events and personal belief as to what future actions the Mongols should take, and is a statement of idle conversation, not a statement of club policy or rules,  not made in furtherance of a conspiracy, and is more prejudicial than probative.

P.6, #41          This is a narrative statement of personal belief as to what the Mongols i, and is a statement of idle conversation, not a statement of club policy or rules,  not made in furtherance of a conspiracy, and is more prejudicial than probative.

P.6, #42          This is a narrative statement of a past event, an attack on a Mongol in San Diego, and a personal belief as to what future actions might taken in retaliation, and is a statement of idle conversation, not a statement of club policy or rules, not made in furtherance of a conspiracy, and is more

1    prejudicial than probative.

2

3    P.6, #43                    Date, April, 2007, is not sufficiently specific; no declarant

4                               identified;.this is a narrative statement of a past event, a

5                               shooting incident at "Nickolas" and is not made in

6                               furtherance of a conspiracy, and is more prejudicial than

7                               probative because it expands the field of racketeering

8                               activity beyond those events provided in the government's

9                               notice of November 30, 2011.

10

11   P.6, #45                    The summary of the statement is so vague as to not give

12                               sufficient notice as to the content of the statement.

13

14   P.6, #46                    This is a narrative statement of past events, and is a

15                               statement of idle conversation, not a statement of club

16                               policy or rules,  not made in furtherance of a conspiracy,

17                               and is more prejudicial than probative.

18

19   P.6, #47                    Date, July 2007, is not sufficiently specific;

20

21   P.7, #48                    This is a narrative statement of past events, attacking Hells

22                               Angels, and boastful idle conversation, not a statement of

23                               club policy or rules,  not made in furtherance of a

24                               conspiracy, and is more prejudicial than probative.

25

26   P.7, #49                    This is a narrative statement of past events, namely past

27                               problems between the Cypress Park Mongols and other

28                               gangs, and is a statement of idle conversation, not a

| | | |
|---|---|---|
| 1 | | statement of club policy or rules,  not made in furtherance |
| 2 | | of a conspiracy, and is more prejudicial than probative. |
| 3 | | |
| 4 | P.7, #56 | This is a narrative statement of past events and is a |
| 5 | | statement of idle conversation, not a statement of club |
| 6 | | policy or rules,  not made in furtherance of a conspiracy, |
| 7 | | and is more prejudicial than probative. |
| 8 | | |
| 9 | P.8, #59 | Date, September 2007, is not sufficiently specific; this is a |
| 10 | | narrative statement of past events, an attack on a rival gang |
| 11 | | member, and is a statement of boastful idle conversation, |
| 12 | | not a statement of club policy or rules,  not made in |
| 13 | | furtherance of a conspiracy, unverified as to whether the |
| 14 | | incident actually occurred, and is more prejudicial than |
| 15 | | probative. |
| 16 | | |
| 17 | P.8, #63 | Date, November 2007, is not sufficiently specific. |
| 18 | | |
| 19 | P.8, #64 | Date, November 2007, is not sufficiently specific. |
| 20 | | |
| 21 | | |
| 22 | P.8, #65 | This is a narrative statement of past events and history of |
| 23 | | the Mongols and Hells Angels, and is a statement of idle |
| 24 | | conversation, not a statement of club policy or rules,  not |
| 25 | | made in furtherance of a conspiracy, and is more prejudicial |
| 26 | | than probative. |
| 27 | | |
| 28 | P.8, #66 | Date, November 2007, is not sufficiently specific. |

Defendant's Objections to Coconspirator Statements     13

| | |
|---|---|
| P.9, #69 | Statement is a narrative of a past event. |
| P.9, #70 | Date, December 2007, is not sufficiently specific; this is a narrative of a past event and boastful idle talk, not in furtherance of any conspiracy, and more prejudicial than probative. |
| P.9, #71 | Date, December 2007, is not sufficiently specific; this is a narrative by a Mongol as to what occurred at a past incident in Norco, California, it is not made in furtherance of any conspiracy, and the violent nature of the admission of the Mongol's admissions is more prejudicial than probative. |
| P.9, #72 | Date, December 2007, is not sufficiently specific. |
| P.9, #73 | Date, December 2007, is not sufficiently specific. |
| P.9, #76 | This statement is boastful idle talk, and there is no evidence that any overt act took place in furtherance of this conversation about a supposed robbery.  The statement does not indicate that the robbery was being done on behalf of the Mongols, only that this declarant was a Mongol and that some other  Mongols believed that the residence he wanted to rob contained cocaine. |
| P.9, #77 | Date, February 2008, is not sufficiently specific; this is idle boastful talk and opinion of one Mongol, not made  in furtherance of any conspiracy, and the prejudicial effect |

Defendant's Objections to Coconspirator Statements     14

1    outweighs any probative value.

2

3    P.9, #78                This statement is merely a caution for members to be

4                            restrained in showing their club emblems in order to reduce

5                            the chance of violence against a member; it is not a

6                            statement in furtherance of a conspiracy, and the prejudicial

7                            effect outweighs any probative value.

8    .

9

10   P.9, #79                This statement is a narrative of a past event, a fight with

11                           rival gang members, and is boastful idle talk, not in

12                           furtherance of any conspiracy, and the prejudicial effect

13                           outweighs any probative value.

14

15

16   P.10, #82               The date, April 2008, is not sufficiently specific; this

17                           statement is a narrative of a past event, "scouting" looking

18                           for Hells Angels, and is boastful idle talk, not in furtherance

19                           of any conspiracy, and the prejudicial effect outweighs any

20                           probative value.

21

22   P.10, #83               The date, April 2008, is not sufficiently specific.

23

24   P.10, #84               The date, April 2008, is not sufficiently specific; the

25                           declarant "Buckshot" is not sufficiently specific; Buckshot's

26                           statement is a narrative of a past event, a stabbing of two

27                           Hells Angels, and is boastful idle talk, not in furtherance of

28                           any conspiracy, and the prejudicial effect outweighs any

Defendant's Objections to Coconspirator Statements    15

1    probative value.

2

3    P.10, #85              The date, April 2008, is not sufficiently specific; this

4                          statement is a narrative of a past event, a stabbing of two

5                          Hells Angels, and is boastful idle talk, not in furtherance of

6                          any conspiracy, and the prejudicial effect outweighs any

7                          probative value.

8

9    P.10, #86              The date, April 2008, is not sufficiently specific; this

10                         statement, about armed Mongols being on the lookout for

11                         any Hells Angels, essentially constitutes allegations of

12                         racketeering activity not presented in the government's

13                         notice of racketeering activity on November 30, 2011, and

14                         should therefore be excluded.

15

16   P.10, #87              The date, April 2008, is not sufficiently specific; this

17                         statement, about Mongols attending an event in Anaheim

18                         for the purpose of finding and assaulting Hells Angels,

19                         essentially constitutes allegations of racketeering activity

20                         not presented in the government's notice of racketeering

21                         activity on November 30, 2011, and should therefore be

22                         excluded.

23

24   P.10, #87              This statement, about an armed attack on a Hells Angel

25                         supporter,  essentially constitutes allegations of racketeering

26                         activity not presented in the government's notice of

27                         racketeering activity on November 30, 2011, and should

28                         therefore be excluded.

Defendant's Objections to Coconspirator Statements     16

| | | |
|---|---|---|
| 1 | P.11, #89 | The date, May 2008, is not sufficiently specific; this |
| 2 | | statement is a narrative of a past event, a confrontation with |
| 3 | | Hells Angels and their associate, and is boastful idle talk, |
| 4 | | not in furtherance of any conspiracy, without any |
| 5 | | corroboration, and the prejudicial effect outweighs any |
| 6 | | probative value. |
| 7 | | |
| 8 | P.11, #90 | The date, June 2008, is not sufficiently specific. |
| 9 | | |
| 10 | P.11, #91 | The date, June 2008, is not sufficiently specific; this |
| 11 | | statement is a narrative of a past event, a stabbing of a Hells |
| 12 | | Angel on his motorcycle, and is boastful idle talk, not in |
| 13 | | furtherance of any conspiracy, without any corroboration, |
| 14 | | and the prejudicial effect outweighs any probative value. |
| 15 | | |
| 16 | P.11, #93 | The date, June 2008, is not sufficiently specific; this |
| 17 | | statement is a narrative of a past event, an altercation with |
| 18 | | Hells Angel Sonny Barger, and is idle talk, not in |
| 19 | | furtherance of any conspiracy, without any corroboration, |
| 20 | | and the prejudicial effect outweighs any probative value. |
| 21 | | |
| 22 | P.12, #94 | Not a statement. |
| 23 | | |
| 24 | P.12, #95 | The date, July 2008, is not sufficiently specific; these |
| 25 | | various statement are all narratives of a past event, an |
| 26 | | altercation with Hells Angels in Los Banos, California, and |
| 27 | | is idle talk, not in furtherance of any conspiracy, without |
| 28 | | any corroboration, and the prejudicial effect outweighs any |

Defendant's Objections to Coconspirator Statements    17

1    probative value.

2

3    P.13,# 100                        This statement is a narrative of a past event, the murder of a

4                                      Hells Angel.

5

6    P.13, #101                        This statement is a narrative of a past event, the murder of a

7                                      Hells Angel in San Francisco, and is idle talk, not in

8                                      furtherance of any conspiracy, and the prejudicial effect

9                                      outweighs any probative value.

10

11   P. 13, #102                       Most of this is not a statement.

12

13   P.13, #103                        These statements are narratives of past events, including

14                                     attacks on Hells Angels as well as speculation about who

15                                     had recently killed a Mongol, and is all idle talk, not in

16                                     furtherance of any conspiracy, without any corroboration,

17                                     and the prejudicial effect outweighs any probative value.

18

19   P.13, #104                        This statement is a narratives of a past event, an altercation

20                                     with Hells Angels in Los Banos, California, and is idle talk,

21                                     not in furtherance of any conspiracy, and the prejudicial

22                                     effect outweighs any probative value.

23

24   Dated: January 12, 2012                   Respectfully Submitted,

25

26                                     _____

27                                     RICHARD B. MAZER
                                       MICHAEL N. BURT

28

Defendant's Objections to Coconspirator Statements    18

1    Attorneys for Defendant
     CHRISTOPHER ABLETT

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Certificate of Service

      Service of the foregoing DEFENDANT'S OBJECTIONS TO COCONSPIRATOR STATEMENTS was accomplished through the Northern District of California ECF electronic filing system.  All parties are subscribers to the ECF system.

Dated: January 13, 2012                  /s/ Richard B. Mazer