1  MICHAEL N. BURT, SBN 83377
   600 Townsend Street, Suite 329E
2  San Francisco, California 94103
   Telephone: (415)522-1508
3  FAX: (415)522-1506

4  RICHARD B. MAZER, SBN 49632
   99 Divisadero Street
5  San Francisco, California 94117
   Telephone: (415)621-4100
6  FAX: (415)621-4111

7  Attorneys for Defendant
   CHRISTOPHER BRYAN ABLETT

8

9

10

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  UNITED STATES OF AMERICA,      )    Case No. CR 09 0749 RS
                                   )
16          Plaintiff,             )    MEMORANDUM REGARDING
                                   )    MISSING WITNESS ISSUE
17  vs.                            )
                                   )    Date: February 21, 2012
18  CHRISTOPHER BRYAN ABLETT       )    Time: 8:30 a.m.
                                   )    Court: Hon. Richard Seeborg
19          Defendant.             )
                                   )
20                                 )
                                   )
21  _____ )

22

23          The Court has requested briefing on the propriety of arguments regarding missing

24  witnesses such as Dominic Guardado.

25          The Ninth Circuit Model Instruction 3.5 provides that "A reasonable doubt is a

26  doubt based upon reason and common sense and is not based purely on speculation. It may

27  arise from a careful and impartial consideration of all the evidence, *or from lack of*

28

1   *evidence*." (emphasis added). Clearly, under this instruction, the defendant may point the

2   jury's attention to the lack of evidence, including the lack of Dominic Guardado's

3   testimony.

4           Model Instruction 4.13 is entitled "Missing Witness". Significantly, there is no

5   approved pattern instruction on this topic. The Comment to 4.13 states:

6           The court has the discretion to give a missing witness instruction or to
        leave the matter to the argument of counsel. See *United States v. Kojayan*, 8
7       F.3d 1315, 1317 n.2, 1320-21 (9th Cir.1993); *United States v. Bramble*, 680
        F.2d 590, 592 (9th Cir.1982) ("A missing witness instruction is proper only
8       if from all the circumstances an inference of unfavorable testimony from an
        absent witness is a natural and reasonable one."); *United States v. Bautista*,
9       509 F.2d 675, 678-79 (9th Cir.1975) (deferring to the discretion of the trial
        court in deciding not to give the instruction). See also *United States v. Tisor*,
10      96 F.3d 370, 377 n.3 (9th Cir.1996) (quoting, without approving, a missing
        witness instruction).

11          In *United States v. Kojayan*, 8 F.3d 1315, 1317 n.2, 1320-21 (9th Cir.1993), the

12  Ninth Circuit concluded that defense counsel could properly comment on the

13  government's failure to call a key witness under the rule that "[w]hen the government can

14  call a key percipient witness, but relies instead on out-of-court statements and on

15  testimony by an agent who didn't understand half the critical conversation, a jury could

16  conclude that the witness's 'testimony, if produced, would [have been] unfavorable'" to

17  the prosecution. Id. at 1317, quoting *Graves v. United States*, 150 U.S. 118, 121, 14 S.Ct.

18  40, 41, 37 L.Ed. 1021 (1893); and citing *United States v. Anders*, 602 F.2d 823, 825 (8th

19  Cir.1979). The defense in Kojayan had asked for a missing witness instruction. The Ninth

20  Circuit stated in a footnote:

21          The defense also wanted a so-called "missing witness" instruction,
        which would have told the jurors that they could, if they chose, draw such an
22      inference. The district court has discretion to give such an instruction,
        *United States v. Bautista*, 509 F.2d 675, 678 (9th Cir.1975), or to leave the
23      point to be argued by counsel, Manual of Model Criminal Jury Instructions
        for the Ninth Circuit, No. 4.15 (1992). The district court did not give the
24      instruction.

25          In *United States v. Bramble*, 680 F.2d 590, 592 (9th Cir.1982), also cited in the

26  Comment, one issue was the Court's refusal to give a missing witness instruction from

27  Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, s 17.19 (1977), which read:

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in the case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party. However, no such conclusion should be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.

The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The Ninth Circuit ruled that

The refusal to give the suggested instruction was not error. Such a decision is within the discretion of the trial judge. *United States v. Bautista*, 9 Cir., 1975, 509 F.2d 675, 678. There was no abuse of discretion here. Indeed, it would have been error to have given the instruction. "A 'missing witness' instruction is proper only if 'from all the circumstances an inference of unfavorable testimony from an absent witness is a natural and reasonable one.' *Burgess v. United States*, 142 U.S.App.D.C., 198, 440 F.2d 226, 234 (1970)." *United States v. Long*, 9 Cir., 1976, 533 F.2d 505, 509. In the circumstances of this case that inference would neither be natural nor reasonable. Here, defense counsel had interviewed Spalding, and had "indicated that she did not wish to have him stay around ... because I didn't want him on the stand, because I anticipated making an argument about his absence." To have given the instruction under these circumstances would have been to mislead the jury. No case that has been cited to us would require the instruction under these circumstances.

The Ninth Circuit next considered the trial court's refusal to permit defendant's counsel to argue to the jury that it could draw an unfavorable inference against the government from the fact that Spalding did not testify. The Ninth Circuit stated:

We find no error in the refusal of the court to permit Bramble's counsel to argue to the jury that it could draw an unfavorable inference against the government from the fact that Spalding did not testify. In defense counsel's interview of Spalding she must have learned either (1) that his testimony would be unfavorable to Bramble, or (2) that it would be favorable to him, or (3) that it would be of little help to either side. If it would have been unfavorable to Bramble, her argument based on his absence would have been fraudulent. If it would have been favorable to Bramble, she could have called him, and if she did not, his absence should be attributable to her, not to the government. Again, her proposed argument would have been misleading. It would give the defense some of the benefit to be obtained from his testimony, without the risk of cross examination. If the testimony would have been of little benefit to either side, it would be misleading to argue that Spalding's absence supports an inference favorable to Bramble's side. We deal here with gamesmanship, and we decline to support it. To support it here would be particularly unfortunate, because the defense has no duty to produce or call any witness. Thus the argument is helpful to the defense, but of little, if any, help to the government, regardless of what the testimony would have been. See *Graves v. United States*, 1893, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021.

1        We express no opinion on the question of whether comment upon a
2    missing witness should be allowed in the absence of any earlier request for
    an instruction on the point.

3        Dominic Guardato's absence from this case is factually distinguishable from

4    *Bramble* because defense counsel has not had an opportunity to interview Dominic

5    Guardado.  In fact, defense was advised that it would be fruitless to interview Dominic

6    Guardato because he would not cooperate with his investigator.  (Exhibit 1.)  This is not a

7    case of gamesmanship as described in *Bramble;* rather this is a case where the government

8    has better access to Dominic Guardato than the defense: Dominic Guardato has family ties

9    to the San Francisco Police Department and he has met with and spoken to Agent

10   Millsbaugh at least twice. (RT 2649-2650)

11       Moreover, The Ninth Circuit in *Bramble* never considered the argument raised

12   here, namely, that Model Instruction 3.5 clearly permits argument based on the absence of

13   evidence. Finally, *Bramble* is earlier in time then *Kojayan* where the Ninth Circuit

14   concluded that defense counsel *could* properly comment on the government's failure to

15   call a key witness.

16       The first of these two points can also be said of *United States* v. *Bautista* 509 F.2d

17   675, 678, also cited in the Comment, where the issue was again the Court's refusal to give

18   a missing witness instruction, not the propriety of allowing defense counsel to comment on

19   the government's failure to call a witness. Significantly, in *Bautista*, the Court

20   distinguished an earlier case, *Yaw v. United States*, 228 F.2d 382 (9th Cir. 1955), on the

21   ground that the "case... dealt with a failure of proof which might have been cured by an

22   available witness not called." In *Yaw,* the Ninth Circuit, in the course of finding the

23   evidence insuffient as a matter of law to convict observed that "[i]t is significant that the

24   United States did not produce Peltier as a witness, he having plead guilty and hence his

25   testimony as to when he acquired the cigarettes could not incriminate him. A witness

26   available to the prosecution to maintain its burden of proof which it does not produce or

27   explain why it cannot, is presumed one who would testify against the Government." (Id. at

28

Memo Re Missing Witness          4

383). This is essentially the argument that counsel wishes to make here under Instruction 3.5. He is not asking for a missing witness instruction.

In *United States v. Tisor,* 96 F. 3d 370, 377 (9th Cir,. 1996), also cited in the Comment, the issue was whether the district court had correctly ruled that  neither side could refer to a witness's failure to testify in a situation where the witness had appeared and invoked his Fifth Amendment rights. The Court distinguished *Kojayan*:

> The Government's witness in *Kojayan* was not unavailable to the Government because he had asserted his privilege against self incrimination. To the contrary, the record shows that "the government could have called [the absent witness], and could have done so with a very great deal of confidence that he would testify." Id. at 1318. Under these circumstances, we concluded that defense counsel's argument was not "even remotely improper." Id. at 1321.

Here, there is no indication that Dominic Guardado has asserted any Fith Amendment privilege. Consequently, as in *Kojayan*, comment on his absence would not be "even remotely improper."

## CONCLUSION

For all the foregoing reasons, defendant requests permission to argue that under Instruction 3.5 the jury may consider the absence of available evidence, including the absence of the testimony of Dominic Guardado.

Dated: February 20, 2012

Respectfully submitted,

Signed:    /s/ Michael N. Burt
Michael N. Burt
Richard Mazer

1                           <u>PROOF OF SERVICE</u>

2   STATE OF CALIFORNIA                )
                                       )   ss.
3   COUNTY OF SAN FRANCISCO            )

4           I am over the age of 18 and not a party to the within action; my business address is
    600 Townsend Street, Suite 329-E San Francisco, California 94103.
5           I hereby certify that on February 20, 2012, I electronically filed the foregoing with
    the Clerk of the Court for the Federal District Court Northern District of California by
6   using the appellate CM/ECF system.
            Participants in the case who are registered CM/ECF users will be served by the
7   appellate CM/ECF system.
            I further certify that some of the participants in the case are not registered CM/ECF
8   users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have
    dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the
9   following non-CM/ECF participants:
    Christopher Ablett
10  The Glenn E. Dyer Detention Facility
    550 - 6th Street
11  Oakland, CA 94607

12          I declare under penalty of perjury under the laws of the State of California that the
    above is true and correct.
13   Executed on February 20, 2012 at San Francisco, California.
                                                    /s/Michael Burt
14                                                  MICHAEL BURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memo Re Missing Witness                6