UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER BRYAN ABLETT,<br><br>Defendant. | Case No. 09-cr-00749-RS-1<br><br>**ORDER DENYING MOTION TO MODIFY SENTENCE** |

## I. INTRODUCTION

Defendant Christopher Ablett is currently in the custody of the Bureau of Prisons ("BOP") serving a life sentence at the United States Penitentiary in Atwater, California ("USP Atwater"). Ablett, now in the 16th year of his sentence, moves for a sentence reduction under 18 U.S.C. § 3582(c), citing a subsequent jury verdict in a different case, commitment to his family, contributions to the prison community, and post-offense rehabilitation as "extraordinary and compelling reasons" for a sentence reduction. For the reasons set forth below, the motion is denied.

## II. BACKGROUND

In 2012, Ablett was convicted of four counts under Violent Crimes in the Aid of Racketeering Activity (VICAR), 18 U.S.C. § 1959. The underlying facts that led to his conviction are as follows. In September of 2008, Ablett was visiting a long-time friend in San Francisco. Ablett went to a bar with his friend while wearing a shirt bearing the insignia of his motorcycle club, Mongol Nation. At the bar, a bystander saw the insignia on Ablett's shirt and called a

member of a rival motorcycle club to notify him of Ablett's presence in the neighborhood. After leaving the bar, Ablett was confronted by Mark Guardado, a leader in the rival motorcycle club. A fight broke out between the two men, resulting in Ablett stabbing and shooting Guardado several times, leading to the latter's death. Ablett fled the scene, evading law enforcement for several weeks before turning himself in. In February of 2012, following a three-and-a-half-week trial, a jury convicted Ablett of four counts under VICAR.[1] Pursuant to statutory requirements that remain in effect today, the Court imposed a mandatory life sentence.

In 2018, after Ablett was sentenced, a grand jury sitting in the Central District of California returned a first superseding indictment charging Mongol Nation with racketeering (count one) and conspiracy to commit racketeering (count two). *See United States v. Mongol Nation*, No. 13-cr-00106-DOC (C.D. Cal. May 17, 2018) ("Mongol Nation trial"). Ablett's 2008 murder of Guardado was alleged as one of the underlying racketeering acts for count one and one of the overt acts for count two. *Id.* Specifically, the indictment asserted that Mongol Nation killed Guardado, acting through Ablett as a member. *Id.* at 46. Testimony during the Mongol Nation trial regarding Ablett's 2008 murder of Guardado covered many of the same facts as testimony during Ablett's own trial in 2012 but lasted less than four hours and involved only three witnesses. The jury for the Mongol Nation trial ultimately found that the government had not proven beyond a reasonable doubt that Mongol Nation killed Guardado, acting through Ablett as a member. Based on other racketeering and overt acts, the jury nonetheless found Mongol Nation guilty on both counts.

### III. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, upon a defendant's motion, a court may modify a sentence under 18 U.S.C. §

---

[1] Count three (use and possession of a firearm in furtherance of a crime of violence) was subsequently vacated on remand. Counts one, two, and four were unaffected.

ORDER ON MOTION TO MODIFY SENTENCE
CASE NO. 09-cr-00749-RS-1

2

3582(c)(1)(A) provided that (1) the defendant first exhausts his claims with BOP; (2) the defendant demonstrates "extraordinary and compelling reasons" warrant a reduction; (3) "such a reduction is consistent with [the] applicable policy statements;" and (4) a reduction is in accordance with the sentencing factors espoused in 18 U.S.C. § 3553(a). The defendant bears the burden of establishing eligibility for a sentence reduction under section 3582(c)(1)(A). *See United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

The applicable policy statement is set forth in the United States Sentencing Guidelines (U.S.S.G.) Manual section 1B1.13, effective as of November 1, 2023. "[U]ntil recently, courts have looked to a policy statement promulgated by the Sentencing Commission back in 2006." *United States v. Tashbook*, No. 01-CR-20160-CRB-1, 2023 WL 4769934, at *2 (N.D. Cal. July 25, 2023). Because the Sentencing Commission drafted the 2006 policy statement before Congress authorized defendants to file section 3582(c) motions, the Ninth Circuit held that the prior version of U.S.S.G. section 1B1.13 was inapplicable for section 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 800-02 (9th Cir. 2021). Since November 1, 2023, the amended U.S.S.G. section 1B1.13 fills this gap and provides guidance for what constitutes extraordinary and compelling reasons for the purposes of a section 3582(c) motion. Under the amended version of section 1B1.13, extraordinary and compelling reasons include: (1) serious medical circumstances; (2) serious age-related deterioration; (3) family circumstances such that the defendant would be the only available caregiver to a dependent person; (4) sexual or physical abuse perpetrated by employees of BOP; (5) "other reasons" that are "similar in gravity" to reasons (1)-(4); or (6) retroactive changes in sentencing law where the defendant has served at least 10 years of his sentence. U.S.S.G. § 1B1.13(b)(1)-(6).

**IV. DISCUSSION**

**A. Administrative Exhaustion**

Thirty days have elapsed since Ablett submitted a request for sentence modification to the Warden at USP Atwater, satisfying the administrative exhaustion requirement under section 3582(c)(1)(A).

**B. Extraordinary and Compelling Reasons**

Courts view extraordinary and compelling reasons for sentence reductions as those which are simultaneously "far from common" and "both powerful and convincing." *United States v. Canales-Ramos*, 19 F.4th 561, 567 (1st Cir. 2021) (citation omitted). Except when limited by U.S.S.G. section 1B1.13(c)[2], a district court may consider "intervening changes of law or fact in exercising [its] discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 597 U.S. 481, 500 (2022). Although "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a sentence reduction, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonments is warranted." U.S.S.G. § 1B1.13(d).

Ablett claims four extraordinary and compelling reasons justify reducing his life sentence to a term of 20 to 30 years: (1) the Mongol Nation trial jury verdict, which he claims is in tension with his own jury's verdict; (2) his commitment to his family while incarcerated; (3) his positive contributions to his prison community; and (4) his commendable post-offense rehabilitation.

**i. The 2018 Mongol Nation Trial Jury Verdict**

Ablett first points to the verdict from the Mongol Nation trial as an extraordinary and compelling reason. Years after Ablett was convicted of four counts under VICAR, the Mongol Nation trial jury found the government had not proven that Ablett killed Guardado *on behalf* of Mongol Nation. Ablett contends that this verdict, returned in a case distinct from his own, is an extraordinary and compelling reason because it "casts doubt on the need for a life sentence." Dkt. 452 at 26.

Ablett's claim that this verdict is an extraordinary and compelling reason for a reduction is

---

[2] "Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." U.S.S.G. § 1B1.13(c).

inconsistent with the premise of his motion. Ablett acknowledges that he is "guilty and [] was sentenced accordingly" and is not challenging any of his jury's findings, while also claiming that the Mongol National trial verdict casts lingering doubt about a material element of his offense and the fairness of his sentence.[3] Even if Ablett's argument about the applicability of the Mongol Nation trial verdict were not inconsistent with his motion, however, that verdict is not in tension with the verdict from his own trial. Although the two trials presented overlapping testimony about Ablett's murder of Guardado, they involved different types of defendants (Ablett, an individual, and Mongol Nation, an unincorporated organization), separate charges with their own specific elements, and varied length and presentation of evidence (Ablett's trial lasted nearly one month, testimony about Ablett's murder of Guardado during the Mongol Nation trial lasted less than four hours). Comparison of the jury instructions in the two cases illustrates the extent to which the two verdicts address different questions. Ablett's jury was asked whether the government had proven beyond a reasonable doubt that Ablett's "purpose in committing murder was . . . to gain entrance to, or to maintain, or to increase his position in the [Mongol Nation]." Even if the two juries had been presented the same evidence, an individual committing an act to gain entrance, maintain, or increase position within an organization is distinct from an individual committing that same act for the organization's benefit. Accordingly, it is not contradictory that two reasonable juries reached different verdicts in the two trials, nor does the verdict in the Mongol Nation trial cast reasonable doubt on Ablett's guilt.

### ii. Commitment to family

Ablett's commitment to his family, including his demonstrated effort to support his children despite the challenges of his incarceration, is commendable, but it is not extraordinary and compelling within the meaning of section 1B1.13. While a reason for a sentence reduction need not "be similar in nature and consequence" to one of section 1B1.13's specified reasons to

---

[3] Insofar as Ablett might wish collaterally to attack his conviction, the proper vehicle for such an attack is a habeas petition, not a section 3582(c) motion. *See United States v. Rivernider*, No. 3:10-cr-222(RNC), 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020).

qualify as extraordinary and compelling, a reason must nonetheless be "similar in gravity." *See* U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 10 (Nov. 1, 2023).

Here, Ablett's commitment to his family is not similar in gravity to any of the specified reasons. Each of the specified reasons in section 1B1.13 contemplates a significant change of fact during the defendant's incarceration. *See* U.S.S.C. § 1B1.13(b)(1)-(4). A comparison to the third specified reason, "Family Circumstances of the Defendant," is illustrative. This reason states that a reduction is warranted in the event of the "death or incapacitation" of a family member such that the defendant would be the only available caregiver to a dependent person. *See* U.S.S.C. § 1B1.13(b)(3). Ablett is not claiming his family circumstances fall under this specified reason, and his claimed reason is not similar in gravity. The immediate health and safety of one of Ablett's family members is not dependent upon his release, and there are not serious unforeseen circumstances present such that time is of the essence to revisit his sentence. Rather than an extraordinary and compelling reason, Ablett's commitment to his family is better characterized as part of his rehabilitation.

The authority cited by Ablett to this point is distinguishable. Ablett analogizes his case to *United States v. Underwood*, where a district court granted a sentence reduction in part because of the defendant's "clear positive influence on each of his children." No. 88-Cr-822 (SHS), 2021 WL 3204834, at *5 (S.D.N.Y. Jan. 15, 2021). However, in *Underwood*, the defendant claimed additional extraordinary and compelling reasons for a reduction, including his deteriorating health and the onset of the COVID-19 pandemic. *Id.* A defendant's deteriorating health qualifies as an extraordinary and compelling reason under U.S.S.G. section 1B1.13(b)(1). Unlike in *Underwood*, Ablett does not present additional extraordinary and compelling reasons for a reduction beyond commitment to family. Ablett's commitment to his family could provide additional support to a motion for a sentence reduction if presented alongside other extraordinary and compelling reasons, but it is not such a reason in and of itself.

Order on Motion to Modify Sentence
Case No. 09-cr-00749-RS-1

6

### iii. Contribution to the prison community

Similarly, although Ablett's work history and contributions to the prison community evince rehabilitation, they are not extraordinary and compelling reasons for a reduction. First, Ablett's participation in programming is common rather than extraordinary. *See United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023) ("Taking classes while incarcerated is common rather than extraordinary."); *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to . . . take classes, work at a job, and otherwise attempt to improve themselves.") (emphasis in original).

Second, the defendants' contributions in the two cases cited by Ablett to this point are distinguishable. In *Underwood*, a district court granted a sentence reduction in part because "by any measure, Underwood's good deeds exceed the bounds of what we consider 'rehabilitation' and amount to extraordinary and compelling reasons meriting a sentence reduction." *Underwood*, 2021 WL 3204834, at *5 (cleaned up). Whereas Underwood's contributions to his prison community were so extraordinary that he earned recognition from a Third Circuit judge and U.S. Senator, Ablett's contribution to his prison community, evidenced by two letters of support from his peers,[4] is better characterized as rehabilitation. *See id.* at *2.

Similarly, the district court in *Briones* granted relief because the defendant's conduct went "beyond mere rehabilitation." No. CR-96-00464-004-PHX-DLR, 2023 WL 3231127, at *3 (D. Ariz. May 3, 2023). Briones's request was also made following intervening changes of law which made his lengthy sentence an "outlier." *Id.* Thus, in *Briones*, evidence of contribution to the prison community was viewed collectively among other extraordinary and compelling reasons. The same is not true of Ablett's prison contributions, which neither exceed rehabilitation nor are presented alongside any intervening changes in fact or law.

---

[4] Rolando Ontiveros, who met Ablett in 2012 at USP Hazelton and has been in his unit at USP Atwater for two years, wrote that Ablett has an impressive work ethic. Roy Sastrom, who also met Ablett at USP Hazelton, wrote that Ablett supported him as a friend during the most difficult years of his incarceration.

### iv. Rehabilitation

Ablett generally invokes his "rehabilitation" as a basis to reduce his sentence. Ablett's education and work history, commitment to sobriety, and participation in self-reflection programming are evidence of sincere personal growth. While rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," it is "not, by itself, an extraordinary and compelling reason" for a sentence reduction. U.S.S.G. § 1B1.13(d). Ablett does not present a distinct extraordinary and compelling reason, and considered in combination with the reasons he does present, rehabilitation is not similar in gravity to the enumerated reasons specified in section 1B1.13. Therefore, his rehabilitation does not warrant a sentence reduction.

**C. Applicable Policy Statements and Section 3553(a) Factors**

Ablett has failed to present an extraordinary and compelling reason for relief. Accordingly, the questions of his motion's consistency with the applicable policy statement and the section 3553(a) factors need not be reached.

### V. CONCLUSION

For the reasons set forth herein, Ablett's motion is denied without prejudice.

**IT IS SO ORDERED**.

Dated: June 24, 2024

_____
RICHARD SEEBORG
Chief United States District Judge